IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5: 08-CR-302-F-1
No. 5:14-CV-262-F

SAMUEL KEITH KERR, II,                )
                                       )
                Petitioner,            )
vs.                                    )                **ORDER**
                                       )
UNITED STATES OF AMERICA,              )
                                       )
                Respondent.            )
_____)

Before the court are *pro se* Petitioner's motion [DE 19] to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255, and the Government's motion [DE 23] to dismiss the § 2255 motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1] For the reasons that follow, the court will allow the Government's 12(b)(6) motion and dismiss Petitioner's § 2255 motion.

## I.    BACKGROUND

On December 8, 2008, Petitioner pled guilty, pursuant to a written plea agreement [DE 9], to a three-count criminal information charging him with one count of conspiracy to commit Hobbs Act robbery, 18 U.S.C. § 1951 (count 1), and two counts of using and carrying a firearm during a crime of violence and aiding and abetting, 18 U.S.C. §§ 2, 924(c)(1)(A) (counts 2 and 3). [DE 3-2]. On March 30, 2009, the court entered judgment [DE 14], sentencing Petitioner to a total of 360 months' imprisonment. Petitioner did not appeal his conviction or sentence; thus, his judgment became final April 9, 2009. *See* FED. R. APP. P. 4(b)(1)(A) (giving ten days to file a notice of appeal, amended to fourteen days effective December 1, 2009); *Clay v. United States*,

---

[1] On September 5, 2014, Petitioner responded to the Government's motion. [DE 32]. The Government replied on September 18, 2014. [DE 33].

537 U.S. 522, 527 (2003).

Petitioner filed the instant motion on May 5, 2015. Petitioner asserts actual innocence as to count two under the Supreme Court's decision in *Rosemond v. United States*, 134 S. Ct. 1240 (2014) as his sole ground for relief. *See* Pet'r's Mem. at 2 [DE 19-1]. In *Rosemond*, the Supreme Court held that a defendant cannot be liable for aiding and abetting the carrying of a firearm in relation to a crime of violence unless he has "advance knowledge" that a confederate will be armed – that is, the government must establish mens rea for the offense. 134 S. Ct. at 1243. Petitioner was held responsible for his co-defendant's use of a firearm during the robbery offense in question. Petitioner contends the Government "failed to prove that he had advanced [sic] knowledge that his codefendant was going to involve a firearm in the offense;" thus, *Rosemond* renders his count two conviction invalid. Pet'r's Mem. at 2.

## II. LEGAL STANDARDS

### A. 28 U.S.C. § 2255

Under § 2255, a federal prisoner may move the sentencing court to vacate, set aside, or correct a sentence on grounds that it (1) was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction; (3) the sentence exceeded the maximum sentence authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). "In a § 2255 proceeding, the burden of proof is on [the] petitioner to establish his claim by a preponderance of the evidence." *Toribio-Ascencio v. United States*, No. 7:05-CR-97-FL, 2010 U.S. Dist. LEXIS 113549 at *5 (E.D.N.C. Oct.25, 2010) (citing *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958)). While a court may in its discretion hold an evidentiary hearing on a § 2255 motion, such a hearing need not be held if the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."

28 U.S.C. § 2255(b).

## B. Fed. R. Civ. P., 12(b)(6)

Rule 12(b)(6) provides for dismissal of claims for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A court may consider a motion to dismiss pursuant to Rule 12(b)(6) challenging the legal sufficiency of a § 2255 motion. *See United States v. Reckmeyer*, No. 89-7598, 1990 U.S. App. LEXIS 26950, at *14 (4th Cir. Apr. 2, 1990).[2]

In considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint, consistent with the complaint's allegations. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "The issue is not whether a [petitioner] will ultimately prevail but whether [he] is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (brackets added). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level" and have "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). A petitioner's "obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks and brackets omitted). In analyzing a Rule 12(b)(6) motion, a court must accept as true all well-pleaded allegations of the challenged pleading and view those allegations in the light most favorable to the petitioner. *Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005).

---

[2] *See also* Rule 12, Rules Governing Section 2255 Proceedings ("The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."); FED. R. CIV. P. 81(a)(4) (providing that the Federal Rules of Civil Procedure may be applied in § 2255 proceedings where a particular practice has not been specified by § 2255 and where such practice has "previously conformed to the practice in civil actions").

### III.   DISCUSSION

As noted, Petitioner contends that *Rosemond* establishes that he is actually innocent of the count two aiding and abetting the use of a firearm conviction under 18 U.S.C. § 924(c)(1) and 18 U.S.C. § 2 (the "*Rosemond* claim"). The Government argues that Petitioner's *Rosemond* claim – which the Government deems timely – fails because it (1) is barred by the post-conviction waiver in Petitioner's plea agreement; (2) is procedurally defaulted; and alternatively, (3) lacks merit.

The court addresses first the timeliness of Petitioner's § 2255 motion. As discussed below, the court finds Petitioner's § 2255 motion is untimely. Alternatively, even if Petitioner could overcome the timeliness bar, his *Rosemond* claim is barred by the post-conviction waiver in his plea agreement and is also procedurally defaulted. For these reasons, the court need not address the merits of the *Rosemond* claim.

**A.   Petitioner's § 2255 is untimely.**

Section 2255 motions are subject to a one-year statute of limitations, which begins running on the latest of four operative dates. 28 U.S.C. § 2255(f). Here, Petitioner argues his motion is timely under § 2255(f)(3). Under that subsection, the one-year limitation period to file motions may begin from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."[3] *Id*. Specifically, Petitioner argues the holding in *Rosemond* recognized a "new" rule that is retroactively applicable on collateral review and that this right invalidates his count two conviction under 18 U.S.C. § 924(c)(1) and

---

[3]   *See Dodd v. United States*, 545 U.S. 353, 358-59 (2005) (explaining if the Supreme Court "decides a case recognizing a new right, a federal prisoner seeking to assert that right will have one year from this Court's decision within which to file his § 2255 motion").

18 U.S.C. § 2. As *Rosemond* was decided on March 5, 2014, Petitioner asserts that his § 2255 motion – filed in May 2014 – is timely under § 2255(f)(3).

Generally, an "old rule" applies to cases on both direct and collateral review, whereas a "new rule" only applies to cases that are still on direct review. *Whorton v. Bockting*, 549 U.S. 406, 416 (2007) (emphasis added). At the time of the *Rosemond* decision, Petitioner's judgment of conviction had long since been final. However, there are two exceptions for when a new rule may retroactively apply to cases on collateral review. First, the rule may apply retroactively where it "forbid[s] criminal punishment of certain primary conduct" or "prohibit[s] a certain category of punishment for a class of defendants because of their status or offense." *O'Dell v. Netherland*, 521 U.S. 151, 157 (1997). The second exception is for "watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." *Id.* "To put it differently, a case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final." *Teague v. Lane*, 489 U.S. 288, 301 (1989).

Assuming without deciding that, under *Rosemond*, Petitioner's conduct as to count two would not be criminal if committed now, the court concludes that *Rosemond* does not apply retroactively to this collateral proceeding for two reasons. First, a review of the decision indicates its holding **was dictated** by established precedent. The Court noted at the outset that the federal aiding and abetting statute, 18 U.S.C. § 2, "reflects a centuries-old view of culpability: that a person may be responsible for a crime he has not personally carried out if he helps another to complete its commission." *Rosemond*, 134 S. Ct. at 1245. The Court then reviewed "some basics about aiding and abetting law's intent requirement." *Id.* at 1248. Finally, the Court noted its application of these "basics" in some of its prior opinions. *Id.* at 1249. In

short, the *Rosemond* decision merely clarified substantive law and in particular, the mens rea requirement for aiding and abetting a crime. Although there appears to be no precedential authority on whether this rule qualifies as "new" within the meaning of § 2255, this court's decision is in accordance with the majority of district courts addressing this issue. *See, e.g., Bey v. Hollenback*, No. 5:14-HC-2016-FL, 2015 U.S. Dist. LEXIS 25737, at *8 (E.D.N.C. Feb. 26, 2015), *aff'd*, 616 F. App'x 125 (4th Cir. 2015); *see also Chaney v. Cross*, No. 3:15-CV-00211-DRH, 2015 U.S. Dist. LEXIS 31951, at *9 n.1 (S.D. Ill. Mar. 13, 2015) (collecting cases).[4]

Second, "a new rule is not made retroactive to cases on collateral review unless [the Supreme Court] holds [the new rule] to be retroactive." *Tyler v. Cain*, 533 U.S. 656, 663 (2001). *Rosemond* involved a direct appeal from a criminal conviction, and there, the Supreme Court gave **no indication** that its decision should be given retroactive application to cases on collateral review. As such, the court concludes that *Rosemond* is not retroactively applicable to Petitioner's count two aiding and abetting conviction. Thus, Petitioner cannot rely on § 2255(f)(3) to establish the timeliness of his § 2255 motion.

**B.  Equitable tolling does not apply.**

Having failed to demonstrate that he timely filed his § 2255 motion within any of the one-year periods set forth in § 2255(f), Petitioner's § 2255 motion is time-barred unless he can demonstrate that he is entitled to equitable tolling of the limitation period. Equitable tolling is appropriate only when the otherwise time-barred petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and

---

[4] The court is aware of only two instances where courts applied *Rosemond* retroactively. *See Jackson v. United States*, No. 3:15-cv-00106-MOC, 2015 U.S. Dist. LEXIS 144832, at *8-9 (W.D.N.C. Oct. 23, 2015); *United States v. Greene*, Nos. 14-C-431, 08-CR-124, 2015 U.S. Dist. LEXIS 7871 at *6 (E.D. Wis. Jan. 23, 2015). As in *Greene*, the Government agrees with Petitioner that *Rosemond* applies retroactively. The Government provides no basis for its rationale, stating only that it "concedes that Petitioner's motion is timely." Gov't's Reply at 1 [DE 33]. For the reasons explained *supra*, the court finds the Government's conclusory position unconvincing.

prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 632 (2010); *accord United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004).

Nothing in the record suggests that equitable tolling should apply. *See Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95-96 (1990); *Rouse v. Lee*, 339 F.3d 238, 246-47 (4th Cir. 2003). Petitioner has not alleged or shown any extraordinary circumstances to warrant equitable tolling. Consequently, the § 2255 motion is time-barred.

C.  **Petitioner's post-conviction waiver bars his *Rosemond* claim.**

Petitioner reserved only the right to file a § 2255 motion "based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to [him] at the time of [his] guilty plea." Plea Agreement ¶ 2(c) [DE 9]. A post-conviction waiver is enforceable "to preclude a defendant from appealing a specific issue if the record establishes that the waiver is valid and [] the issue being appealed is within the scope of the waiver." *United States v. Blick*, 408 F.3d 162, 168 (4th Cir. 2005). Petitioner avers, however, that his plea was "unintelligent because [he] was misinformed as to the elements" of count two "and was not notified of the true nature of the charge against him." Pet'r's Mem. at 3.

To be valid, a waiver of post-conviction rights must be "knowing, intelligent and voluntary." *United States v. Davis*, 689 F.3d 349, 354-55 (4th Cir. 2012); *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012). "Generally, if a district court questions a defendant regarding the waiver of [post-conviction] rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *Thornsbury*, 670 F.3d at 537; *see United States v. Copeland*, 707 F.3d 522, 528-30 (4th Cir. 2013). At his arraignment hearing, Petitioner stated under oath that he had discussed the charges to which he intended to plead guilty with his counsel and that no one had threatened

him or anyone else or made any promises to him or anyone else. Arraignment Tr. at 20:5-8, 22:23-25 [DE 30]. Petitioner also swore that he understood the charges to which he was pleading guilty and understood the minimum and maximum penalties provided for each charge. *Id.* at 20:9-10, 22:11-12. Following the reading of the terms of the plea agreement into the record, Petitioner affirmed said terms. *Id.* at 27:24-25. The court then read Petitioner's post-conviction waiver aloud to him, and Petitioner swore that he understood the rights he was giving up in the waiver. *Id.* at 28:1, 12-21.

In light of the Rule 11 colloquy, Petitioner's post-conviction rights waiver is valid. *See, e.g., Copeland*, 707 F.3d at 528. Petitioner's *Rosemond* claim – which concerns an intervening change in law – falls within the scope of his post-conviction waiver. *See Copeland*, 707 F.3d at 529 (explaining a challenge to a plea waiver under intervening authority does not render an otherwise valid plea agreement unenforceable). Accordingly, Petitioner's waiver is enforceable. *See, e.g., Eason v. United States*, 2015 U.S. Dist. LEXIS 165794, at *10 (E.D.N.C. Nov. 10, 2015), *adopted by* 2015 U.S. Dist. LEXIS 165794 (E.D.N.C. Dec. 9, 2015) (stating a *Rosemond* claim is barred by post-conviction waiver in plea agreement); *accord Byers v. United States*, 2015 U.S. Dist. LEXIS 101874, at *7 (W.D.N.C. Aug. 4, 2015).

**D.     Petitioner's *Rosemond* claim is procedurally defaulted.**

Generally, a petitioner may only raise claims in a § 2255 motion that he raised on direct review. *Massaro v. United States*, 538 U.S. 500, 504 (2003).[5] Put differently, a petitioner procedurally defaults all claims that he neglects to raise on direct appeal unless he meets one of two exceptions: (1) a showing of adequate legal cause for the default and prejudice arising from

---

[5] An exception applies, however, when a petitioner – unlike here – brings a claim of constitutionally ineffective assistance of counsel. *See Massaro*, 538 U.S. at 504 (noting it is "preferable" that such claims be considered on collateral review where the record for such claims may be properly developed); *see also United States v. Gastiaburo*, 16 F.3d 582, 590 (4th Cir. 1994).

the default; or (2) a showing of actual innocence, which means that a miscarriage of justice will occur if the claim is not heard in federal court. *Id.*

1. <u>Petitioner has not demonstrated the requisite cause and prejudice</u>.

"The existence of cause . . . must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." *United States v. Pettiford*, 612 F.3d 270, 280 (4th Cir. 2010). As for prejudice, it is not enough for a petitioner to demonstrate "a *possibility* of prejudice," but rather, he must show that errors "worked to his *actual* and substantial disadvantage, infecting his entire [case] with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982). While Petitioner does not rely on this exception, the court considers it nevertheless.

With respect to cause, Petitioner makes no allegations suggesting that his procedural default "turn[s] on something external to the defense." *Pettiford*, 612 F.3d at 280. Prior to Petitioner's arraignment, "several federal circuit courts, excluding the Fourth Circuit, had found that a defendant could be guilty of aiding and abetting an offense under § 924 only if a defendant both knew that a firearm would be used and actively facilitated the use of the firearm." *Gurewardher v. United States*, 2015 U.S. Dist. LEXIS 158233, at *8 (E.D. Va. Nov. 23, 2015) (citing *United States v. Bowen*, 527 F.3d 1065, 1079 n.11 (10th Cir. 2008) (declining to make such a holding, but listing Courts of Appeal cases between 1998 and 2001 that determined as much)). As Petitioner could have raised such an argument during his arraignment or on appeal, he has not demonstrated the requisite "cause."

The lack of cause alone is enough to preclude review of Petitioner's claim, but the requisite showing of actual prejudice is missing as well. There is no indication that Petitioner suffered "actual and substantial disadvantage" to the point of infecting his entire case with "error

of constitutional dimensions." Indeed, Petitioner does not contest his participation in the robberies at issue.

2. <u>Petitioner has not demonstrated actual innocence</u>.

A convincing claim of actual innocence can serve as gateway through which a petitioner may overcome untimeliness. *See McQuiggin v. Perkins*, ___ U.S. ___, 133 S. Ct. 1924, 1928 (2013). Actual innocence in the context of procedural default "means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). In asserting actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). A procedurally defaulted claim may be heard under the miscarriage of justice exception only if, in light of all of the evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 327. That is, it must be more likely than not that every reasonable juror would vote to acquit. *See House v. Bell*, 547 U.S. 518, 538 (2006).

This standard "permits review only in the extraordinary case." *Id.* (internal quotation marks omitted); *see McQuiggin*, 133 S. Ct. at 1928 ("[T]enable actual-innocence gateway pleas are rare."). The actual innocence inquiry "does not turn on discrete findings regarding disputed points of fact, and [i]t is not the district court's independent judgment as to whether reasonable doubt exists that the standard addresses." *Id.* at 539-40 (alteration in original; internal quotation marks omitted). Rather, "the court must make a probabilistic determination about what reasonable, properly instructed jurors would do." *Id.* at 329.

After carefully reviewing the record, the court finds that Petitioner has not met the extraordinarily high standard of showing that it is more likely than not that every reasonable juror would have found him not guilty. Petitioner submitted an affidavit wherein he avers "that during the conduct comprising count two, [he] never had possession of the firearm, nor ever used the firearm during the robbery." Pet'r's Resp. Ex. A [DE 32-2]. First, this affidavit does not indicate Petitioner lacked "advance knowledge" of his co-defendant's plan to use a firearm during the robbery in question. And even if it did, Petitioner's self-serving statements simply do not include sufficient indicia of trustworthiness to raise a colorable claim of actual innocence.

## IV. CONCLUSION

For the foregoing reasons, the Government's motion to dismiss [DE 23] is ALLOWED and Petitioner's motion to vacate [DE 19] is DENIED. This action is DISMISSED. The court perceives no basis for the issuance of a certificate of appealability, and such certificate therefore is DENIED.[6] The Clerk of Court is DIRECTED to close this case.

SO ORDERED.

This the 8th day of March, 2016.

*James C. Fox*

JAMES C. FOX
Senior United States District Judge

---

[6] *See* 28 U.S.C. § 2253(c)(2); Rule 11(a), 2255 Rules; *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).