IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:08-CR-302-FL-1
No. 5:16-CV-638-FL-1

| | | |
|---|---|---|
| SAMUEL KEITH KERR, II, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct sentence, under 28 U.S.C. § 2255 (DE 42), wherein he asserts that his convictions for violating 18 U.S.C. § 924(c) should be vacated. The government concedes that petitioner is entitled to § 2255 relief, and requests that the court set this matter for resentencing.

**BACKGROUND**

On December 8, 2008, petitioner pleaded guilty to: 1) conspiracy to commit Hobbs Act Robbery, in violation of 18 U.S.C. § 1951 (count one); 2) brandishing a firearm during and in relation to a crime of violence and aiding and abetting, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2 (count two); and 3) use and carry a firearm during and in relation to a crime of violence and aiding and abetting, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2 (count three). On March 30, 2009, the court sentenced petitioner to an aggregate term of 360 months' imprisonment. Petitioner filed his first § 2255 motion to vacate, set aside, or correct his sentence on May 5, 2014, which the court denied. Petitioner appealed the court's judgment on his first § 2255 motion, but the United States

Court of Appeals for the Fourth Circuit declined to issue a certificate of appealability and dismissed the appeal.

On June 2, 2016, the Fourth Circuit issued order granting petitioner authorization to file second or successive § 2255 motion, pursuant to 28 U.S.C. §§ 2244, 2255(h). Petitioner filed the instant § 2255 motion on June 30, 2016, asserting that his convictions under § 924(c) should be vacated pursuant to <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015). On August 9, 2016, the court granted petitioner's motion to stay the § 2255 proceedings pending the United States Court of Appeals' decision in <u>United States v. Simms</u>, No. 15-4640 (4th Cir. 2016). The Fourth Circuit decided <u>Simms</u> on January 24, 2019, but stayed the mandate pending the United States Supreme Court's decision in <u>United States v. Davis</u>, No. 18-431 (2019). The Supreme Court decided <u>Davis</u> on June 24, 2019. The court entered order lifting the stay on July 24, 2019, and directed the parties to file supplemental briefing on the effect of <u>Simms</u> and <u>Davis</u> on petitioner's motion. On August 23, 2019, the parties filed joint response to the court's order, wherein the government concedes that petitioner's § 924(c) convictions should be vacated and the matter set for resentencing.

**COURT'S DISCUSSION**

Pursuant to 18 U.S.C. § 924(c)(1)(A), a person who uses or carries a firearm, "during and in relation to any crime of violence or drug trafficking crime" or who possesses a firearm "in furtherance of any such crime" may be convicted of violating § 924(c)(1)(A) and the predicate crime of violence or drug trafficking crime. Upon conviction, the court must sentence the defendant to at least five years' imprisonment consecutive to the sentence imposed for the predicate crime of violence or drug trafficking crime. § 924(c)(1)(A). Section 924(c)(3) defines crime of violence as an offense that is a felony and:

(A) has an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Id. § 924(c)(3)(A)-(B).

In Davis, the Supreme Court held that § 924(c)(3)(B) is unconstitutionally vague, relying in part on Johnson, which held a similar provision in the Armed Career Criminal Act is unconstitutionally vague. United States v. Davis, 139 S. Ct. 2319, 2336 (2019). In Simms, the Fourth Circuit held that conspiracy to commit Hobbs Act Robbery does not qualify as a crime of violence under § 924(c)(3)(A). United States v. Simms, 914 F.3d 229, 233-34 (4th Cir. 2019).

Here, the predicate "crime of violence" supporting petitioner's § 924(c) convictions is conspiracy to commit Hobbs Act Robbery. As set forth above, however, Simms and Davis establish that petitioner's predicate conviction is not a crime of violence under § 924(c)(3)(A), and that § 924(c)(3)(B) is unconstitutionally vague. Petitioner's § 924(c) convictions therefore are invalid. The government concedes petitioner is entitled to § 2255 relief in these circumstances, and asks that the court vacate petitioner's § 924(c) convictions and his sentence in its entirety.

Based on the foregoing, the court GRANTS petitioner's motion to vacate (DE 42), VACATES petitioner's convictions on counts two and three, and VACATES petitioner's sentence in its entirety. Petitioner's conviction for conspiracy to commit Hobbs Act Robbery remains intact. The clerk is DIRECTED to schedule petitioner for resentencing at the next available regularly scheduled term of court. The government is DIRECTED to ensure petitioner's timely writ, transportation, and housing for the resentencing hearing. The United States Probation Office is DIRECTED to investigate, prepare, file under seal, and publish to the appropriate parties an updated

sentencing recommendation memorandum, including recalculation of petitioner's corrected advisory guidelines range, within **seven days** of the date of resentencing.

SO ORDERED, this the 26th day of August, 2019.

                                                               LOUISE W. FLANAGAN
                                                               United States District Judge