IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:08-CR-302-FL-1
NO. 5:16-CV-638-FL

| | | |
|---|---|---|
| SAMUEL KEITH KERR, II, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on respondent's motion for relief from judgment, (DE 67), pursuant to Federal Rule Civil Procedure 60(b). The motion was fully briefed and the issues raised are ripe for decision. For the reasons stated below and in open court on December 18, 2019, the court grants the motion, vacates its August 26, 2019, order granting habeas relief, and denies petitioner's motion to vacate, set aside, or correct his sentence, (DE 42).

## BACKGROUND

On December 8, 2008, petitioner pleaded guilty to one count of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (count one), and two counts of using and carrying a firearm during and in relation to a crime of violence, and aiding and abetting same, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2 (counts two and three). On March 30, 2009, the court sentenced petitioner to 60 months' imprisonment on counts one and two, to be served concurrently, and a consecutive term of 300 months' imprisonment on count three, producing an aggregate custodial sentence of 360 months' imprisonment.

On June 30, 2016, petitioner filed motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, asserting that his § 924(c) convictions (counts two and three) should be vacated in light of Johnson v. United States, 135 S. Ct. 2551 (2015). At the parties' request, the court stayed the § 2255 proceedings pending the United States Court of Appeals for the Fourth Circuit's resolution of United States v. Simms, 914 F.3d 229 (4th Cir. 2019). On July 24, 2019, the court lifted the stay and directed the parties to file supplemental briefing addressing the effect of Simms and United States v. Davis, 139 S. Ct. 2319 (2019) on petitioner's motion. On August 23, 2019, the parties filed joint response to the court's order, in which respondent agreed that petitioner's convictions on counts two and three should be vacated. On August 26, 2019, the court entered order vacating such convictions and petitioner's sentence in its entirety. The court scheduled petitioner's resentencing hearing on count one for December 18, 2019.

On December 4, 2019, respondent filed the instant motion for relief from judgment pursuant to Federal Rule Civil Procedure 60(b). As discussed further below, respondent argues it erroneously consented to habeas relief and that the court erred by vacating the convictions. Petitioner filed response in opposition on December 16, 2019.

On December 18, 2019, the court held hearing on respondent's motion and granted the motion in open court with written order to follow.

**DISCUSSION**

A.   Standard of Review

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized

by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." Id. § 2255(b).

Turning to respondent's motion for relief from judgment, Rule 60(b) allows the court to "relieve a party . . . from a final judgment, order or proceeding" on specified grounds. Fed. R. Civ. P. 60(b). "To prevail, a party must [make a threshold showing demonstrating]: (1) timeliness, (2) a meritorious defense, (3) a lack of unfair prejudice to the opposing party, and (4) exceptional circumstances." See Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC, 859 F.3d 295, 299 (4th Cir. 2017). If the moving party makes this threshold showing, the inquiry turns to whether one of the six specific subsections of Rule 60(b) authorize relief. Id.; Fed. R. Civ. P. 60(b). Here, respondent moves for relief under subsection (b)(1), which authorizes the court to grant relief from a final judgment on the basis of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). The motion must be "made within a reasonable time – and for [subsection (b)(1)] no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

B.   Analysis

   1.   Legal Error in the Court's Judgment

The court first explains the error in its August 26, 2019, order and judgment, which granted petitioner's § 2255 motion. Pursuant to 18 U.S.C. § 924(c), a person who uses or carries a firearm, "during and in relation to any crime of violence or drug trafficking crime" or who possess a firearm "in furtherance of any such crime" is subject to a mandatory minimum five years'

3

imprisonment for the first conviction, and 25 years' imprisonment for a second or subsequent conviction. 18 U.S.C. § 924(c)(1)(A), (C).[1] The sentence shall run consecutive to any sentence imposed for the predicate crime of violence or drug trafficking crime. Id. § 924(c)(1)(A). Section 924(c)(3) defines crime of violence as an offense that is a felony and:

> (A) has an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Id. § 924(c)(3)(A)-(B).

Davis and Simms held that § 924(c)(3)(B) (the "residual clause") is unconstitutionally vague, thereby rendering invalid § 924(c) convictions that were based on the residual clause definition of crime of violence. Davis, 139 S. Ct. at 2336; Simms, 914 F.3d at 237. Simms further holds that conspiracy to commit Hobbs Act robbery is not a crime of violence under § 924(c)(3)(A) (the "elements clause"). Simms, 914 F.3d at 233-34. Accordingly, in the Fourth Circuit, a § 924(c) conviction cannot be predicated on conspiracy to commit Hobbs Act robbery. See id. at 233-34, 237.

Here, the criminal information charged petitioner with conspiracy to commit Hobbs Act robbery (count one), and two counts of using or carrying a firearm during a crime of violence, in violation of § 924(c)(1) (counts two and three). When the parties initially agreed to habeas relief, they believed the predicate "crime of violence" for counts two and three was conspiracy to commit Hobbs Act robbery because that was the criminal offense charged in count one. As set forth

---

[1] The statute was amended in December 2018 as part of the First Step Act. See Pub. L. No. 115-391, § 403(a), 132 Stat. 5194, 5221-22. As amended, § 924(c) provides that the consecutive sentence of 25 years' imprisonment only applies to defendants who have a prior final conviction for violation of § 924(c)(1)(A). See id.

4

above, conspiracy to commit Hobbs Act robbery cannot serve as a predicate offense supporting a § 924(c) conviction. Davis, 139 S. Ct. at 2336; Simms, 914 F.3d at 233-34. Respondent therefore consented to habeas relief, and, based on that concession, the court vacated petitioner's § 924(c) convictions in its August 26, 2019, order.

Unfortunately, neither the parties nor the court took into account the charging text in the criminal information. Counts two and three, to which petitioner pleaded guilty, charged petitioner with violating § 924(c)(1) by using or carrying a firearm during substantive Hobbs Act robberies, not conspiracy to commit Hobbs Act robbery as charged in count one. (See DE 3-1). Unlike conspiracy to commit Hobbs Act robbery, substantive Hobbs Act robbery is a valid predicate crime of violence under § 924(c)(3)(A).[2] See United States v. Mathis, 932 F.3d 242, 266 & n.24 (4th Cir. 2019). Accordingly, respondent erroneously consented to habeas relief and petitioner's convictions on counts two and three should not have been vacated.

2. Rule 60(b) Analysis

Turning to respondent's motion for relief from judgment, petitioner argues respondent cannot meet the threshold requirements for Rule 60(b) relief, and that a mistake of this nature cannot be corrected pursuant to Rule 60(b)(1). The court disagrees.

As to timeliness, petitioner contends his habeas petition has been pending more than three years, and that respondent waited until three months after the court granted habeas relief to file the instant Rule 60(b) motion. Petitioner, however, does not contest that respondent discovered the

---

[2] Notably, the government is not required to separately charge the underlying crime of violence or drug trafficking offense in the charging instrument to obtain a conviction under § 924(c). See United States v. Carter, 300 F.3d 415, 425 (4th Cir. 2002); United States v. Nelson, 27 F.3d 199, 200-01 (6th Cir. 1994) (collecting authority). Thus, the fact that substantive Hobbs Act robbery was not separately charged as an additional count in the criminal information does not render petitioner's § 924(c) convictions invalid.

error on December 3, 2019, and filed the motion the following day. (See DE 67 at 3). The post-judgment delay appears reasonable where respondent filed the motion within one day of discovering the error, approximately three months after the court entered judgment, and before the court resentenced petitioner. See Werner v. Carbo, 731 F.2d 204, 207 (4th Cir. 1984) (holding Rule 60(b) motion timely where defendant filed it within 11 weeks of judgment becoming final on appeal); see also Wells Fargo Bank, 859 F.3d at 300 (suggesting "a three-and-a-half-month delay following notice [of the error may be] reasonable" assuming moving party was diligent in seeking relief) (citing Bouret-Eschevarria v. Caribbean Aviation Maint. Corp., 784 F.3d 37 (1st Cir. 2015)); Ritter v. Smith, 811 F.2d 1398, 1402 (11th Cir. 1987) (holding Rule 60(b) relief is appropriate where judgment is unexecuted and "it would be unjust to give prospective effect to a judgment now known to be improper").

Petitioner also argues the motion is untimely because in his view respondent's deadline to appeal the court's judgment has expired. See Aikens v. Ingram, 652 F.3d 496, 502 (4th Cir. 2011) (en banc) (noting that Rule 60(b) motion cannot serve as substitute for an appeal). A § 2255 judgment that grants habeas relief and orders resentencing, however, does not become final and appealable until the resentencing occurs. See Andrews v. United States, 373 U.S. 334, 339-40 (1963); United States v. Stitt, 459 F.3d 483, 485 (4th Cir. 2006); see also Haynes v. United States, 873 F.3d 954, 956–57 (7th Cir. 2017).[3] As set forth above, respondent filed the instant motion

---

[3] Because the § 2255 judgment is not final until resentencing, the proper vehicle for bringing the instant motion arguably is Federal Rule Civil Procedure 54(b), which permits reconsideration of interlocutory orders. See Fed. R. Civ. P. 54(b). The parties, however, have focused their briefing on Rule 60(b), and the court therefore will analyze the instant motion under the more demanding standards applicable to Rule 60(b). To the extent the motion should have been brought under Rule 54(b), relief also is appropriate under that rule. See Carlson v. Boston Scientific Corp., 856 F.3d 320, 325 (4th Cir. 2017) (holding Rule 54(b) motion should be granted where moving party demonstrates interlocutory order is clearly erroneous and causes manifest injustice).

before the court resentenced petitioner. Accordingly, the deadline to notice appeal had not expired when respondent moved for relief from judgment, and the motion is not untimely on this basis.

Respondent also must demonstrate a meritorious defense and that the non-moving party will not be unfairly prejudiced by granting relief. Wells Fargo Bank, 859 F.3d at 299. The court finds respondent has a meritorious defense for the reasons set forth above: the court was without authority to grant habeas relief in this action, and it was clear legal error for the court to hold otherwise in its August 26, 2019, order. As to unfair prejudice, petitioner has been prejudiced as a result of this course of events: when the court granted relief, petitioner likely assumed he would receive a substantially reduced sentence at the resentencing hearing. Petitioner, however, cannot demonstrate the prejudice was "unfair" where he was not entitled to have his convictions vacated in the first place. See Ritter, 811 F.2d at 1405 (noting erroneous judgment granting habeas relief did not cause unfair prejudice where the petitioner could have received the same sentence at the resentencing hearing). Furthermore, the prejudice analysis is not controlling, particularly where the moving party has made a substantial showing on the remaining threshold requirements. See Compton v. Alton S.S. Co., 608 F.2d 96, 102 (4th Cir. 1979); see also Ritter, 811 F.2d at 1405 (prejudice factor may be outweighed by "the otherwise extraordinary circumstances" supporting Rule 60(b) relief).

Turning to the exceptional circumstances factor, the Fourth Circuit has held that a legally erroneous judgment may justify relief under Rule 60(b). See White v. Investors Mgmt. Corp., 888 F.2d 1036, 1041 (4th Cir. 1989) ("When the court overlooks the dispositive issue in a case . . . there has been a mistake and inadvertence and one that works an injustice. [Rule

7

60(b)(6)] . . . clearly covers [such circumstances.]"); Compton, 608 F.2d at 106-07 (finding extraordinary circumstances under Rule 60(b)(6) where "unquestionably there was no basis whatsoever either in fact or in law for [the] judgment"); Ritter, 811 F.2d at 1401-03 (erroneous habeas judgment can be corrected under Rule 60(b)(6)'s extraordinary circumstances test particularly where the judgment is unexecuted). As set forth above, the court's judgment granting habeas relief is legally erroneous and the court lacks legal authority to vacate petitioner's convictions or resentence petitioner. Accordingly, the court finds respondent has demonstrated exceptional circumstances.

Finally, the Fourth Circuit has indicated that the court's erroneous judgment can be corrected as a "mistake" under Rule 60(b)(1). See White, 888 F.2d at 1041-42 (noting mistake or inadvertence includes situations where the district court "overlooks the dispositive issue in a case" but resolving the appeal under subsection (b)(6)); United States v. Williams, 674 F.2d 310, 313 (4th Cir. 1982) ("In certain limited circumstances, the word 'mistake' in [Rule 60(b)(1)] has indeed been read to include mistakes by the court.") (citing Tarkington v. United States Lines Co., 222 F.2d 358 (2d Cir. 1955)); see also Hill v. McDermott, Inc., 827 F.2d 1040, 1043 (5th Cir. 1987) (explaining Rule 60(b)(1) relief is available for "an obvious error of law, apparent on the record" including judgment that "obviously conflicts with a clear statutory mandate" or "involves a fundamental misconception of the law"); cf. Werner, 731 F.2d at 207 (noting that Rule 60(b)'s "grounds for relief often overlap" and therefore courts are "free . . . to do justice in cases in which the circumstances generally measure up to one or more of the itemized grounds").[4] Given the

---

[4] The United States Supreme Court has held that the clauses in Rule 60(b)(1)-(6) are mutually exclusive and therefore a party cannot use Rule 60(b)(6) to avoid the time limitations that govern subsection (b)(1). See Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 393 (1993). In this case, however, respondent's Rule

8

exceptional circumstances noted above, where the court was without authority to grant habeas relief to petitioner, the court finds its mistake of law can be corrected under Rule 60(b)(1).[5]

Based on the foregoing, the court will vacate the August 26, 2019, order and judgment granting habeas relief, deny petitioner's § 2255 motion, and reinstate petitioner's original judgment of conviction and sentence. Although the court regrets the unfortunate turn of events leading this order, the court is compelled to grant the government's motion for relief from judgment in this instance.

C. Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, "the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" Buck v. Davis, 137 S. Ct. 759, 773 (2017) (quoting Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003)); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of

---

60(b)(1) motion was timely, and therefore respondent was free to rely on either subsection (b)(1) or (b)(6) in moving for relief from the judgment.

[5] Petitioner argues that an attorney's negligence or mistake cannot justify relief under Rule 60(b)(1), relying on American Lifeguard Ass'n v. American Red Cross, No. 92-2460, 1994 WL 144321, at *2-3 (4th Cir. Apr. 22, 1994). Unlike the mistake at issue in American Lifeguard, this case involves a mistake by the court that resulted in a legally erroneous judgment granting petitioner habeas relief.

a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 484-85.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds that reasonable jurists would not find the motion states a valid claim of denial of a constitutional right. Accordingly, the court denies a certificate of appealability.

## CONCLUSION

Based on the foregoing, the court GRANTS respondent's motion for relief from judgment (DE 67), and VACATES its August 26, 2019, order and judgment. The court DENIES petitioner's motion to vacate, set aside, or correct sentence, (DE 42), and DIRECTS the clerk to enter final judgment reflecting same. Petitioner's March 30, 2009, judgment of conviction and sentence, (DE 14), is REINSTATED. The court DENIES a certificate of appealability.

SO ORDERED, this the 3rd day of January, 2020.

_____
LOUISE W. FLANAGAN
United States District Judge